UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD PRUDEN, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-08-0711 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| SUPERINTENDENT, | : | |
| | : | |
| Defendants. | : | |

## **O R D E R**

Plaintiff Ronald Pruden, an inmate confined at the Graterford State Correctional Institution ("SCI-Graterford") in Graterford, Pennsylvania, filed the above civil rights action pursuant to 42 U.S.C. § 1983. He has named a superintendent at an unspecified institution as a defendant. (*See* Doc. 1 at 2.)

Plaintiff seeks to proceed *in forma pauperis* in this action. For the reasons set forth below, Plaintiff's complaint will be dismissed, without prejudice, pursuant to the screening provisions of 28 U.S.C. § 1915(g).

### **BACKGROUND**

In his Complaint, Plaintiff alleges, "I am being assulted [*sic*] for 8 yr. of my life-officers beat me & let inmates assult [*sic*] me." (Doc. 1 at 2.) He further alleges that he is being denied commissary and being "chared" for chronic illness. (*Id.*) He does not make any specific allegations against any specific individuals.

## DISCUSSION

Under § 1915(g), a federal civil action by a prisoner proceeding *in forma pauperis* is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has initiated the following civil actions, which were dismissed either by this Court or by the Third Circuit Court of Appeals under 28 U.S.C. § 1915(e)(2)(B) as being frivolous: (1) *Pruden v. SCI-Camp Hill, et al*, Civil No. 3:07-CV-0604 (M.D. Pa. June 21, 2007) (complaint dismissed for failure to prosecute after Plaintiff failed to file amended complaint in compliance with Court Order), *appeal dismissed*, No. 07-3073 (3d Cir. October 30, 2007) (appeal dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); (2) *Pruden v. Schuylkill County Prison Medical Staff, et al*, Civil No. 3:07-CV-0006 (M.D. Pa. February 6, 2007) (complaint seeking injunctive relief as to conduct occurring at prisons other than Plaintiff's current place of incarceration dismissed as moot), *appeal dismissed*, No. 07-3072 (3d Cir. November 6, 2007) (appeal dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); (3) *Pruden v. Department of Corrections*, Civil No. 3:07-CV-0768 (M.D. Pa. May 15, 2007) (complaint dismissed *sua sponte* as frivolous), *appeal dismissed*, No. 07-3074 (3d Cir. October 4, 2007)(appeal dismissed for lack of jurisidiction because Plaintiff filed appeal beyond time prescribed by FED. R. APP. P. (4)(a)(1)(A)).

The "imminent danger" exception to 1915(g)'s "three strikes" rule is inapplicable in this case. The Third Circuit Court of Appeals has concluded that the requisite imminent

danger of serious physical injury must exist at the time the complaint or the appeal is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)(en banc), *cert. denied*, 533 U.S. 953 (2001).  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff alleges that he has been assaulted for eight years of his life without making any specific allegations against specific individuals as to how he is in danger at the present time.  With regard to his allegation that he has been denied access to the commissary, he fails to specify the resulting harm.  Upon application of the standards announced in § 1915(g) to Plaintiff's allegations taken as a whole, it is apparent that Plaintiff's present civil rights action is barred under § 1915(g).

**NOW, THEREFORE, this 1st day of May, 2008, it is hereby ORDERED as follows:**

1. Plaintiff's Motion to proceed *in forma pauperis* (Doc. 4) in the above-captioned action is **DENIED** in accordance with 28 U.S.C. § 1915(g), and the action shall be **DISMISSED**.

2. The Clerk of Court shall **CLOSE** the above-captioned case.

s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge
